# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

MOBASHERA B. AHMED,

      Appellant,

      v.

NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING AS SERVICER
FOR THE BANK OF NEW YORK
MELLON f/k/a THE BANK OF NEW YORK
as TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-AB5,

      Appellee.

Civil Action No. TDC-19-2534

## MEMORANDUM OPINION

Appellant Mobashera B. Ahmed ("Ahmed") has appealed an Order of the United States Bankruptcy Court for the District of Maryland granting a Motion for Relief from Stay and for Equitable Servitude filed by Appellee NewRez LLC ("NewRez").  For the reasons set forth below, the Order of the bankruptcy court will be AFFIRMED.

## BACKGROUND

### I.      The Foreclosure Proceedings

On November 30, 2005, Ahmed and her husband, Lasker M. Ahmed, entered into a mortgage loan with NewRez for $632,000 secured by property located at 23313 Robin Song Drive in Clarksburg, Maryland ("the Property").  According to NewRez, after the Ahmeds defaulted on the mortgage loan, foreclosure proceedings were initiated on the Property in the Circuit Court for Montgomery County, Maryland ("the Circuit Court") on March 9, 2015.  On April 12, 2017, the

Property was sold at a foreclosure sale to NewRez.  The Circuit Court entered a Final Order Ratifying the Sale on June 9, 2017.

Although NewRez asserts that based on these proceedings, it is now the legal and equitable owner of the Property, Ahmed has continued to reside at the Property.  On August 10, 2017, NewRez filed a Motion for Judgment Awarding Possession in the Circuit Court foreclosure case. Due to the pendency of Ahmed's current bankruptcy case, the Circuit Court has not issued a ruling on this motion.

## II.     The Bankruptcy Proceedings

On November 26, 2018, Ahmed filed a Chapter 13 bankruptcy petition.  *In re Ahmed*, No. 18-25473 (Bankr. Md. 2018).  On August 6, 2019, NewRez filed in the bankruptcy court a Motion for Relief from Stay and for Equitable Servitude ("the Motion").  In the Motion, NewRez sought relief from the automatic stay imposed by 11 U.S.C. § 362(a) in order to initiate eviction proceedings against Ahmed in the Circuit Court.  *See* 11 U.S.C. § 362(a)(3) (2018) (stating that the filing of bankruptcy petition automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"). NewRez also requested that the bankruptcy court impose an equitable servitude on the Property for two years to prevent continued abuse of the bankruptcy process to delay foreclosure.  NewRez noted that Ahmed and her husband have initiated 15 bankruptcy cases, many of which have been dismissed by the court shortly after filing, and asserted that those petitions were filed to frustrate creditors rather than to actually use the bankruptcy process for its intended purposes.

In opposing the Motion, Ahmed asserted that because she defaulted on the mortgage loan in 2011, but foreclosure proceedings were not initiated until 2015, the foreclosure action was time-barred pursuant to Maryland's general three-year statute of limitations.  *See* Md. Code Ann. Cts.

& Jud. Proc. § 5-101 (LexisNexis 2013).  Ahmed also argued that NewRez did not have standing to move for entry of equitable servitude.

On August 29, 2019, the bankruptcy court held a hearing on the Motion for Relief from Stay and for Equitable Servitude.  In a September 5, 2019 Order, the bankruptcy court granted the Motion.  The bankruptcy court concluded that because the Property had been sold and deeded to NewRez, and there had been multiple bankruptcy petitions filed with the purpose to hinder or delay foreclosure and other remedies, the automatic stay provisions in 11 U.S.C. § 362(a) and 11 U.S.C. § 1301 would be lifted, and pursuant to 11 U.S.C. § 362(d)(4), bankruptcy petitions filed by Ahmed or future tenants or occupants of the Property over the next two years would not result in an automatic stay of any foreclosure or eviction proceedings relating to the Property.  This appeal followed.

## DISCUSSION

The Court has jurisdiction over this appeal because the bankruptcy court's Order resolving NewRez's Motion is a final order. 28 U.S.C. § 158(a)(1) (2018); *see Gold v. Guberman* (*In re Computer Learning Ctrs., Inc.*), 407 F.3d 656, 660 (4th Cir. 2005) (stating that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.") (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)).  In her appeal of the bankruptcy court's Order, Ahmed reasserts the statute-of-limitations argument, arguing that the Motion should not have been granted because NewRez's foreclosure action was invalid as time-barred.

## I.      Standard of Review

A district court reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error.  *Canal Corp. v. Finnman* (*In re Johnson*), 960 F.2d 396, 399 (4th Cir. 1992).

A "decision to lift the automatic stay under section 362 of the [federal bankruptcy] Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).  Similarly, a bankruptcy court's "determination of whether or not to impose an equitable remedy. . . is reviewed for abuse of discretion." *In re Flanagan*, 503 F.3d 171, 179–80 (2d Cir. 2007).  Generally, an abuse of discretion occurs only when the bankruptcy court's conclusion "is guided by erroneous legal principles," or "rests upon a clearly erroneous factual finding." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir.1999); *see In re Flanagan*, 503 F.3d at 180 ("[L]egal determinations upon which the dispensation of equitable relief may depend are reviewed *de novo*.").

## II.  Statute of Limitations

Ahmed's statute of limitations argument fails for two reasons.  First, as this Court has previously stated in a related case, *Ahmed v. Bank of New York Mellon*, No. TDC-18-2689, 2019 WL 2330051, at *2 (D. Md. May 31, 2019), *aff'd*, 780 F. App'x 82 (4th Cir. 2019), Maryland does not apply a statute of limitations to foreclosure actions.  *See Cunningham v. Davidoff*, 53 A.2d 777, 780 (Md. 1947) (applying a rebuttable presumption of payment after 20 years, but no statute of limitations, in mortgage foreclosures); *Brooks v. Cama Self Directed IRA, LLC*, No. JKB-18-2299, 2019 WL 418412, at *6 (D. Md. Jan. 31, 2019).  Maryland's general three-year statute of limitations for civil actions applies only to actions at law and thus does not apply to foreclosure actions, which are actions in equity.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues . . . ."); *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 360 (Md. 2007) (stating that "[m]ortgage foreclosure is an equitable remedy in Maryland"); *Brooks*, 2019 WL 418412 at *6.

Second, even if the civil statute of limitations did apply to foreclosure actions, by the time of the bankruptcy proceedings, Ahmed could no longer attack the merits of the original foreclosure.  Under Maryland law, when "the gavel falls" at the conclusion of a foreclosure sale, the homeowner's "equity of redemption generally ceases to exist as an interest in the land." *In re Denny*, 242 B.R. 593, 598 & n.5 (Bankr. Md. 1999) (quoting *Union Trust Co. v. Biggs*, 137 A. 509, 512 (Md. 1927)).  Unlike in other states, a homeowner in Maryland does not have additional time after the completion of the foreclosure sale to redeem the property.  *Id.* at 597.  Therefore, once another party has successfully purchased a property in foreclosure, the only right a homeowner has post-sale is to object at the ratification proceeding to "irregularities in the conduct of the sale or the validity of the original mortgage." *In re De Souza*, 135 B.R. 793, 795–96 (Bankr. Md. 1991).  Even then, there are only a very narrow set of valid "exceptions" that can be claimed against a foreclosure sale to challenge its procedural validity.  *See Devan v. Bomar*, 123 A.3d 686, 691 (Md. Ct. Spec. App. 2015) ("A post-sale exception to a foreclosure sale is not an appropriate vehicle to challenge the broad equities of the entire foreclosure proceeding itself.  It is, rather, a narrow challenge to the procedures employed in the execution of the sale process itself.").  Challenges are limited to claims such as insufficient or inaccurate descriptions of the property, creditor fraud, chilled bidding, or the unconscionability of the price.  *Id.* at 692.  Even if such defects existed, if these improprieties were known to the homeowner prior to the sale, the challenge must have been asserted before the sale was complete—otherwise, the claim has been waived.  *See Bates v. Cohn*, 9 A.3d 846, 848 (Md. 2010) (affirming a ruling that a homeowner's failure to raise, prior to the foreclosure sale, a ripe claim that the lender failed to allow her to engage in loss mitigation efforts effectively waived that claim in subsequent proceedings).

Here, Ahmed attempts to undermine the validity of the foreclosure sale by asserting the action was time-barred by the Maryland statute of limitations.  Not only does this challenge go beyond the narrow scope of acceptable post-sale exceptions, but this claim was ripe when the foreclosure proceedings were initiated in 2015.  Thus, Ahmed had to assert it before the foreclosure sale and, in any event, forfeited the claim when she failed to raise it before the entry of a final order ratifying the sale of the Property.

In her reply brief, Ahmed argues that she may raise her statute of limitations argument now because she is effectively asserting a claim of wrongful foreclosure based on a failure to follow statutorily required procedures, which may be brought within three years of the ratification of the foreclosure sale.  *See* Md. Code Ann., Real Prop. § 7-105.1(q) (LexisNexis 2015) ("An action for failure to comply with the provisions of this section shall be brought within 3 years after the date of the order ratifying the sale.").  While section 7-105.1(q) allows a homeowner to raise objections to a foreclosure after ratification, the United States Court of Appeals for the Fourth Circuit has concluded that such an action may be brought only when the homeowner did not challenge the foreclosure action in the first instance.  *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 645 (4th Cir. 2011).  When a homeowner appears in the initial foreclosure action and raises objections, the opportunity to collaterally attack the resulting judgment at a later date is lost.  *Id.; see also Wimbish v. Fedder & Garten*, No. GJH-18-0558, 2020 WL 406935, at *6 (D. Md. Jan. 24, 2020).  Here, Ahmed participated in the initial foreclosure proceedings.  *See Lash v. Ahmed*, No. 401961V (Cir. Ct. Montgomery Cty. Apr. 7, 2017), *available at* http://casesearch.courts.state.md.us/ casesearch/ (reflecting that Ahmed and her husband, as defendants, filed a motion to stay the foreclosure sale before the sale was ratified); Fed. R. Evid. 201(b)(2) (permitting a court to take judicial notice of a fact that "can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned").  Therefore, whatever remedies would otherwise be available through an action under section 7-105.1(q), including dismissal based on a statute of limitations argument, were no longer available by the time of the bankruptcy proceedings.  *See Jones*, 444 F. App'x at 645.  The Court therefore finds that where the three-year general statute of limitations does not apply to foreclosure actions, and Ahmed failed to raise any statute of limitations defense in a timely manner, the statute of limitations did not preclude the bankruptcy court's grant of the Motion.

Ahmed's appeal asserts only the statute of limitations argument.  Ahmed does not challenge the bankruptcy court's conclusions on the merits that the automatic stay should be lifted or that an equitable servitude should be imposed.  Accordingly, the Court will affirm the bankruptcy court's ruling.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's Order granting the Motion for Relief from Stay and for Equitable Servitude will be AFFIRMED.  A separate Order shall issue.


Date:   April 17, 2020                              /s/ *Theodore D. Chuang*
                                                    THEODORE D. CHUANG
                                                    United States District Judge